2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7              **FOR THE DISTRICT OF ARIZONA**

8

Willis Clyde Thomas,                    )    No. CV 10-0537-PHX-RCB (ECV)
9                                        )
                   Plaintiff,            )    **ORDER**
10                                       )
vs.                                      )
11                                       )
Courtroom Deputy for Judge Ronan,        )
12                                       )
                   Defendant.            )
13  _____)

14          Plaintiff Willis Clyde Thomas, who is confined in the Arizona State Prison Complex-

15  East Unit, in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C.

16  § 1983.  (Doc.# 1.)[1]  In an Order filed on March 31, 2010, the Court denied Plaintiff's

17  Application to Proceed *In Forma Pauperis* and gave him 30 days in which to either pay the

18  $350.00 civil action filing fee or file a proper Application to Proceed *In Forma Pauperis*.

19  (Doc.# 14.)  Plaintiff has again filed an incomplete Application to Proceed *In Forma*

20  *Pauperis*. (Doc.# 17.)  Plaintiff has also submitted several notices and letters to the Court.

21  (Doc.# 8-13, 15, 19.)  Most recently, Plaintiff has filed a motion for relief.  (Doc.# 20.)  The

22  Court will give Plaintiff an additional 30 days to pay the fee or file a completed Application

23  to Proceed *In Forma Pauperis*.  The Court will deny Plaintiff's notices and letters to the

24  extent that any relief is sought therein and deny his motion for relief.

25  **I.     Payment of Filing Fee**

26          When bringing an action, a prisoner must either pay the $350.00 filing fee in a lump

27  _____

28          [1] "Doc.#" refers to the docket number of filings in this case.

**JDDL**

1  sum or, if granted the privilege of proceeding *in forma pauperis*, pay the fee incrementally

2  as set forth in 28 U.S.C. § 1915(b)(1). An application to proceed *in forma pauperis* requires

3  an affidavit of indigence and a *certified* copy of the inmate's trust account statement for the

4  six months preceding the filing of the Complaint. 28 U.S.C. § 1915(a)(2). An inmate must

5  submit statements from each institution where he was confined during the six-month period.

6  Id. To assist prisoners in meeting these requirements, the Court requires use of a form

7  application. LRCiv 3.4(a).

8      If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an

9  initial partial filing fee of 20% of either the average monthly deposits or the average monthly

10 balance in Plaintiff's account, whichever is greater. 28 U.S.C. § 1915(b)(1). An initial

11 partial filing fee will only be collected when funds exist. 28 U.S.C. § 1915(b)(4). The

12 balance of the fee will be collected in monthly payments of 20% of the preceding month's

13 income credited to an inmate's account, each time the amount in the account exceeds $10.00.

14 28 U.S.C. § 1915(b)(2).

15 **II.     Application Fails to Comply With Statute**

16     Plaintiff has filed another application seeking leave to proceed *in forma pauperis*.

17 (Doc.# 17.) However, Plaintiff has only completed and submitted the first page of the court-

18 approved form and the certified six month trust account statement. (Doc.# 17, 18.)

19 Therefore, his *in forma pauperis* application will be denied as incomplete.

20     Plaintiff must file a properly completed and *complete* Application to Proceed *In*

21 *Forma Pauperis* (Non-Habeas). He must complete the "Consent to Collection of Fees from

22 Trust Account" section. That is, this part of the *in forma pauperis* application must be filled

23 out, signed, and dated. The "Certificate of Correctional Official as to Status of Applicant's

24 Trust Account" section also must completed. Plaintiff will be permitted an additional 30

25 days to either pay the $350.00 filing fee or file a properly completed and *complete*

26 Application to Proceed *In Forma Pauperis* (Non-Habeas).

27 /     /     /

28

JDDL                                              - 2 -

**III.    Motion for Relief**

As noted above, Plaintiff has filed a motion for relief.  In the motion, Plaintiff seeks relief as to his conviction pursuant to a plea agreement and/or revocation of probation. (Doc.# 20.)  Plaintiff asserts that his guilty plea and/or admission of a probation violation were coerced.

This case was opened as a prisoner civil rights case under 42 U.S.C. § 1983.  Under § 1983, a plaintiff may seek relief for federal constitutional violations by officials acting under color of state law.  In his motion for relief, however, Plaintiff seeks relief from his *state* court conviction and/or probation violation.  To seek from a state court conviction or probation violation in this Court, which is a *federal* court, Plaintiff must file a petition for a writ of habeas corpus under 28 U.S.C. § 2254 as a *new* case.  Federal habeas relief under 28 U.S.C. § 2254 is the "exclusive vehicle" for a state prisoner to seek relief from a state conviction in federal court.  See White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Plaintiff may not obtain federal habeas relief in this § 1983 case.  Accordingly, Plaintiff's motion for relief will be denied.

**IV.    Miscellaneous Notices and Letters**

As noted above, Plaintiff has submitted numerous notices and letters to the Court. These filings appear to primarily concern the alleged actions of Maricopa County Sheriff's Deputy McLemore in February 2009, and Detention Officer Hartaleno. (Doc.# 8-12, 15, 16, 19.)  Plaintiff indicates that McLemore threatened to shoot him after Plaintiff asked to use the restroom while he was at Maricopa County Superior Court in Mesa and that Hartaleno pushed Plaintiff's wheelchair into a door at the jail. (Id..)  Plaintiff otherwise seeks the status of his *state* Rule 32 proceedings.  (Doc.# 13, 16.)

To learn the status of his *state* Rule 32 proceedings, Plaintiff must contact the *state* court, which is Maricopa County Superior Court.[2]  To the extent that Plaintiff wishes to name

---

[2]    According to records available on-line, Plaintiff's probation was revoked in Maricopa County Superior Court on February 9, 2010, based on Plaintiff's admission that

- 3 -

1 | anyone as a defendant in *this* case, he may file an amended complaint naming those persons.

2 | To file an amended complaint, Plaintiff must use the court-approved form complaint and

3 | follow the instructions for completing that form. To the extent that Plaintiff seeks any relief

4 | in his notices and letters, those filings will be denied.

5 | **IV.    Warnings**

6 | **A.    Address Changes**

7 | Plaintiff must file and serve a notice of a change of address in accordance with Rule

8 | 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other

9 | relief with a notice of change of address. Failure to comply may result in dismissal of this

10 | action.

11 | **B.    Copies**

12 | Plaintiff must submit an additional copy of every filing for use by the Court. See

13 | LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice

14 | to Plaintiff.

15 | **C.    Possible Dismissal**

16 | If Plaintiff fails to timely comply with every provision of this Order, including these

17 | warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,

18 | 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

19 | comply with any order of the Court).

20 | **IT IS ORDERED:**

21 | (1)    Plaintiff's Application to Proceed *In Forma Pauperis* is **denied without**

22 | **prejudice**. (Doc.# 17.)

23 | (2)    Within 30 days of the date this Order is filed, Plaintiff must either pay the

24 | \$350.00 filing fee **or** file a **completed** Application to Proceed *In Forma Pauperis*.

25 |

26 |

27 | he violated the terms of probation. See http://www.courtminutes.maricopa.gov/docs/ Criminal/022010/m4087824.pdf (Minute Order, Case# CR2008-15260). According to the

28 | minute entry, Plaintiff was sentenced to 2.5 years in prison. Id.

1       (3)    If Plaintiff fails to either pay the $350.00 filing fee or file a completed

2 Application to Proceed *In Forma Pauperis* within 30 days, the Clerk of Court must enter a

3 judgment of dismissal of this action without prejudice and without further notice to Plaintiff.

4       (4)    The Clerk of the Court must mail Plaintiff a court-approved form for filing an

5 Application to Proceed *In Forma Pauperis* (Non-Habeas).

6       (5)    Plaintiff's notices and letters are **denied** to the extent that any relief is sought

7 therein.  (Doc.# 8-13, 15, 19.)

8       (6)    Plaintiff's motion for relief is **denied**.  (Doc.# 20.)

9     DATED this 30th day of April, 2010.

10

11

12 _____

Robert C. Broomfield

13 Senior United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JDDL                                                 - 5 -