| | |
|---|---|
| **WO** | SC |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Willis Clyde Thomas, ) | No. CV 10-0537-PHX-RCB (ECV) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Courtroom Deputy for Judge Ronan, ) | |
| Defendant. ) | |

Plaintiff Willis Clyde Thomas, who is confined in the Arizona State Prison Complex-East Unit, in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc.# 1.)[1] In an Order filed on March 31, 2010, the Court denied Plaintiff's Application to Proceed *In Forma Pauperis* and gave him 30 days in which to either pay the $350.00 civil action filing fee or file a proper Application to Proceed *In Forma Pauperis*. (Doc.# 14.) Plaintiff subsequently filed a properly completed *in forma pauperis* application, which was granted in an Order filed on June 8, 2010. (Doc.# 26.) In the same Order, the Court dismissed the Complaint for failure to state a claim and granted Plaintiff 30 days within which to file a first amended complaint. (Id.) On June 17, 2010, Plaintiff filed two motions to dismiss and a motion for appointment of counsel. (Doc.# 28-30.) On June 22, 2010, Plaintiff filed a First Amended Complaint, signed June 14, 2010, and another motion to dismiss, dated June 22, 2010. (Doc.# 32, 33.) Plaintiff's motion for appointment of counsel will be denied. (Doc.# 29.) The Court will construe the motions to dismiss as

---

[1] "Doc.#" refers to the docket number of filings in this case.

notices of voluntary dismissal pursuant to Rule 41.

**I.      Appointment of Counsel**

Plaintiff has filed a motion for appointment of counsel. (Doc.# 29.) Plaintiff seeks the appointment of counsel because he is indigent and is untrained in the law. Counsel is only appointed in a civil rights action in "exceptional circumstances." Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331; see Agyeman, 390 F.3d at 1103; Terrell, 935 F.2d at 1017.

Plaintiff has not shown extraordinary circumstances that warrant the appointment of counsel. Plaintiff has not demonstrated that the issues in this case are particularly complex or that he is unable to articulate his claims. Accordingly, Plaintiff's motion will be denied.

**II.     Motion to Dismiss**

As noted above, Plaintiff has filed three motions to dismiss. In the first, he also asks that the filing fee not be assessed against him.

To the extent that Plaintiff seeks to have the assessment of the filing fee vacated, his motion will be denied. An indigent inmate may proceed *in forma pauperis* without prepayment of the filing fee, 28 U.S.C. § 1915(a)(1), (2), but he remains obligated to pay the fee incrementally, 28 U.S.C. § 1915(b)(1) ("if a prisoner brings a civil action . . . the prisoner shall be required to pay the full amount of the filing fee."). That is, a prisoner-plaintiff granted leave to proceed *in forma pauperis* must pay the assessed filing fee regardless of the subsequent dismissal of a case. 28 U.S.C. § 1915(b).

Plaintiff otherwise seeks dismissal of this case. In his second motion to dismiss, Plaintiff states that he wishes to dismiss this case until after he is released from prison and can retain an attorney. In his third motion, dated June 22, 2010, Plaintiff states that he has

been granted review in state court and prefers to seek vindication of his rights there. (Doc.# 33.)

Rule 41(a)(1)(A)(I) of the Federal Rules of Civil Procedure provides in relevant part that a "plaintiff may dismiss an action without a court order by filing: a notice of dismissal before the opposing party serves either an answer or a motion for summary[.]" No opposing party has served either an answer or a motion for summary judgment. To the extent that Plaintiff seeks dismissal in his motions, the motions are construed as notice of voluntary dismissal.

**IT IS ORDERED:**

(1) Plaintiff's motion for appointment of counsel is **denied**. (Doc.# 29.)

(2) To the extent that Plaintiff requests the Order assessing the $350.00 filing fee be vacated, his motion to dismiss is **denied**. (Doc.# 28.)

(3) To the extent that Plaintiff seeks dismissal of this action, his motions to dismiss are deemed notice of voluntary dismissal of this action. (Doc.# 28, 30, 33.)

(4) The Clerk of Court must enter a judgment of dismissal of this action without prejudice.

DATED this 24th day of June, 2010.

_____
Robert C. Broomfield
Senior United States District Judge