**WO**                                                                                                          SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Willis Clyde Thomas, | ) | No. CV 10-0537-PHX-RCB (ECV) |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Courtroom Deputy for Judge Ronan, | ) | |
| Defendant. | ) | |

Plaintiff Willis Clyde Thomas, who is confined in the Arizona State Prison Complex-East Unit, in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.)[1] In an Order filed on March 31, 2010, the Court denied Plaintiff's Application to Proceed *In Forma Pauperis* and gave him 30 days in which to either pay the $350.00 civil action filing fee or file a proper Application to Proceed *In Forma Pauperis*. (Doc. 14.) Plaintiff subsequently filed a properly completed *in forma pauperis* application, which was granted in an Order filed on June 8, 2010. (Doc. 26.) In the same Order, the Court dismissed the Complaint for failure to state a claim and granted Plaintiff 30 days within which to file a first amended complaint. (Id.) On June 17, 2010, Plaintiff filed two motions to dismiss and a motion for appointment of counsel. (Doc. 28-30.) On June 22, 2010, Plaintiff filed a First Amended Complaint, signed June 14, 2010, and another motion to dismiss, dated June 22, 2010. (Doc. 32, 33.) In an Order filed on June 25, 2010, the Court construed the motions to dismiss as notices of voluntary dismissal pursuant to Rule 41 and

---

[1] "Doc." refers to the docket number of filings in this case.

1 denied the motion for appointment of counsel. (Doc. 34.) Plaintiff has now filed a motion
2 seeking reimbursement of the filing fee for this action. (Doc. 36.) Plaintiff's motion will be
3 denied.

4       In its June 25, 2010 Order, the Court denied an earlier request to have the assessment
5 of the filing fee vacated. The Court informed Plaintiff that:

> An indigent inmate may proceed *in forma pauperis* without prepayment of the filing fee, 28 U.S.C. § 1915(a)(1), (2), but he remains obligated to pay the fee incrementally, 28 U.S.C. § 1915(b)(1) ("if a prisoner brings a civil action . . . the prisoner shall be required to pay the full amount of the filing fee."). That is, a prisoner-plaintiff granted leave to proceed *in forma pauperis* must pay the assessed filing fee regardless of the subsequent dismissal of a case. 28 U.S.C. § 1915(b).

10 (Doc. 34 at 2.)

11       Thus, regardless of the status of this case, Plaintiff remains obligated to pay the filing
12 fee in full. Plaintiff became liable for the filing fee upon the filing of his Complaint in this
13 case. (Doc. 26.) The subsequent dismissal of this action does not absolve him of the
14 obligation and § 1915 does not provide any authority or mechanism for the Court to excuse
15 Plaintiff from having to pay the filing fee in full.

16       **IT IS ORDERED** that Plaintiff's motion for reimbursement of the filing fee for this
17 action is **denied**. (Doc. 36.)

18       DATED this 14th day of September, 2010.

Robert C. Broomfield
Senior United States District Judge

- 2 -